## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED FOR FBI INTEGRITY,<br>943 19th St. Apt 3<br>Santa Monica, CA 90403<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>    Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff United for FBI Integrity ("Plaintiff") brings this action against Defendant U.S. Department of Justice ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, as this action arises under 5 U.S.C. § 552(a)(4)(B).

2. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PLAINTIFF

3. Plaintiff United for FBI Integrity is a non-profit social welfare organization incorporated in the District of Columbia with a principal place of business in Los Angeles, CA. Plaintiff was originally incorporated under the name "Protect the FBI", and it made its FOIA requests

1

under that name. On September 19, 2022, Plaintiff filed an amendment with the District of Columbia Department of Consumer & Regulatory Affairs, changing its name to United for FBI Integrity

## DEFENDANT

4.     Defendant U.S. Department of Justice ("DOJ") is a federal agency headquartered in Washington, DC. Defendant is a federal agency within the meaning of 5 U.S.C. § 552(f)(1), located at 950 Pennsylvania Avenue NW, Washington, DC, 20530. The Federal Bureau of Investigation ("FBI") and U.S. Department of Justice Office of the Inspector General ("OIG") are components of Defendant DOJ. Thus, upon information and belief, DOJ, through its components has possession, custody, and control of the records, within the meaning of 5 U.S.C. § 552(f)(2), to which the Plaintiff seeks access.

## FACTS

### A. FBI EXECUTIVE MISCONDUCT AND SEXUAL ABUSE

5.     During its history, FBI executives, including longtime director J. Edgar Hoover, have allowed the FBI to engage in egregious misconduct. For example:

> In early 1968, [FBI] headquarters explained to the field that Dr. [Martin Luther] King [Jr.] must be destroyed because he was seen as a potential "messiah" who could "unify and electrify" the "black nationalist movement". Indeed, to the FBI he was a potential threat because he might "abandon his supposed 'obedience' to white liberal doctrines (non-violence)." In short, a non-violent man was to be secretly attacked and destroyed as insurance against his abandoning non-violence.

U.S. Senate Select Committee to Study Governmental Operations with Respect to Intelligence Activities ("Church Committee"), *Intelligence Activities and the Rights of Americans, Book II, Final Report*, S. Rep. No. 94-755, at 11-12 (1976) ("Church Committee Report"). As part of its efforts against Dr. King, the FBI planted a series of derogatory articles with the media about Dr. King, the civil rights movement, and other progressive movements. *Id.* at 15-16.

6.     Shortly after the Church Committee Report was published, the Civil Service

Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111, was passed. However, the FBI was largely excluded from its reforms and continues to be excluded to this day. For example, non-preference eligible FBI employees have no right to appeal disciplinary actions against them to the Merit Systems Protection Board, in contrast with every other federal law enforcement agency. *See* 5 U.S.C § 7511(a)(1)(B), (b)(8). FBI whistleblower reprisal claims are all handled within DOJ, with no outside review. 5 U.S.C. § 2303; 28 C.F.R. §§27.3-5.

7.      Since the vast majority of FBI disciplinary matters and all FBI whistleblower reprisal claims are decided by high-level FBI and DOJ executives, there appears to be a reasonable basis for FBI employees' perception that there is a double standard within the FBI where FBI managers are given less severe discipline than lower-level employees. *See* Griffin B. Bell, Lee Colwell, *Study of the FBI's Office of Professional Responsibility* (Feb. 2004) at 1-2, 28-29. Whether that perception is accurate or not, FBI executives are more likely to be eligible for retirement when investigated and can retire instead of facing punishment. *Id.* at 3. Based on publicly available OIG investigative summaries in recent years, some FBI executives retire before or during investigations. *See e.g.* OIG, *Investigative Summary 22-088, Findings of Misconduct by a then Special Agent in Charge and two Assistant Special Agents in Charge for Engaging in Favoritism in the Workplace, Multiple Violations of Hiring Policies, and Related Misconduct* (Jul. 7, 2022); OIG, *Investigative Summary 21-103, Findings of Misconduct by a then FBI Unit Chief for Failure to Satisfy Financial Obligations and Honor Just Debts, Misuse of Position by Requesting and Obtaining a Loan from a Subordinate, and Lack of Candor in FBI and Federal Financial Disclosure Forms* (Aug. 4, 2021); OIG, *Investigative Summary 21-090, Findings of Misconduct by a then FBI Special Agent in Charge and two then FBI Assistant Special Agents in Charge for Their Roles in an Unauthorized $2 Million Purchase of Intellectual Property Related to a Classified Undercover Operation and Related Misconduct* (Jul. 6, 2021).

8. Former Special Agent in Charge of the FBI's Indianapolis field office, W. Jay Abbott, retired from the FBI before the OIG reviewed his misconduct related to the investigation—or lack of investigation—of Larry Nassar, the USA Gymnastics doctor responsible for the abuse of dozens of girls and young women. OIG, 21-093, *Investigation and Review of the Federal Bureau of Investigation's Handling of Allegations of Sexual Abuse by Former USA Gymnastics Physician Lawrence Gerard Nassar* (Jul. 2021) at v.

9. FBI executives are often accused of engaging in sexual abuse. In December 2020, an Associated Press investigation identified at least six sexual misconduct allegations involving senior FBI officials over the previous five years. Jim Mustian, *'Under the rug:' Sexual misconduct shakes FBI's senior ranks*, AP (Dec. 10, 2020) *available at* https://apnews.com/article/fbi-sexual-misconduct-investigation-a0d33e4770acef8ff5f4a48f0267202c (last visited Sept. 21, 2022).

**B. PLAINTIFF'S FOIA REQUESTS TO THE FBI ABOUT FORMER FBI ASSOCIATE DEPUTY DIRECTOR JEFFREY SALLET**

10. As of September 21, 2022, the FBI's website continued to have press releases announcing Jeffrey S. Sallet's selection to serve as Special Agent in Charge of the FBI's New Orleans field office[1], Special Agent in Charge of the FBI's Chicago field office[2], Executive Assistant Director of the FBI's Human Resources Branch[3], and Associate Deputy Director of the FBI[4].

---

[1] FBI, Press Release, *Jeffrey S. Sallet Named Special Agent in Charge of New Orleans Division* (Oct. 19, 2015) *available at* https://www.fbi.gov/news/press-releases/press-releases/jeffrey-s.-sallet-named-special-agent-in-charge-of-new-orleans-division (last visited Sept. 21, 2022).
[2] FBI, Press Release, *Jeffrey S. Sallet Named Special Agent in Charge of the Chicago Division* (Aug. 25, 2017) *available at* https://www.fbi.gov/news/press-releases/press-releases/jeffrey-s-sallet-named-special-agent-in-charge-of-the-chicago-division (last visited Sept. 21, 2022).
[3] FBI, Press Release, *Jeffrey S. Sallet Named Executive Assistant Director of the Human Resources Branch* (Mar. 30, 2020) *available at* https://www.fbi.gov/news/press-releases/press-releases/jeffrey-s-sallet-named-executive-assistant-director-of-the-human-resources-branch (last visited Sept. 21, 2022).
[4] FBI, Press Release, *Jeffrey S. Sallet Named FBI Associate Deputy Director* (Feb. 3, 2021)

11.     Based on the FBI's website, the Associate Deputy Director is the third-highest position within the FBI, beneath the Director and Deputy Director. FBI, *Leadership & Structure*, *available at* https://www.fbi.gov/about/leadership-and-structure (last visited Sept. 21, 2022).

12.     On November 9, 2021, the Plaintiff, under its previous name "Protect the FBI", submitted three FOIA requests with the FBI regarding former FBI Associate Deputy Director Jeffrey Sallet. The Plaintiff filed the requests because it learned that Sallet had recently retired from the FBI, approximately nine months after becoming the third-highest FBI official. The Plaintiff learned that Sallet's retirement was unusual not only because of the short time period since his promotion to Associate Deputy Director, but also because it was not previously announced to FBI employees. The Plaintiff was also advised that some FBI employees believed Sallet retired because of misconduct allegations. The three requests were as follows:

   a. Request records documenting any and all communications by or with FBI Director Christopher Wray, FBI Deputy Director Paul Abbate, or any of their staffs, regarding allegations of misconduct, wrongdoing, malfeasance and/or the retirement of Jeffrey Stephen Sallet, aka Jeff Sallet, Associate Deputy Director of the FBI, between April 1, 2021 and November 5, 2021. Records include, but are not limited to, e-mails, memoranda, notes, and text messages.

   b. Request records held by the FBI Inspection Division regarding any allegations of misconduct against, or investigations of, Jeffrey Stephen Sallet, aka Jeff Sallet, formerly [Special Agent in Charge "SAC"] New Orleans, SAC Chicago, Associate [Executive Assistant Director "EAD"] Facilities and Finance Division, EAD Human Resources Branch, and Associate Deputy Director of the FBI, between September 30, 2016 and November 5 2021. Records include, but are not limited to, complaints, allegations, investigative files, and dispositions of any allegations or investigations.

   c. Request records held by the FBI Office of Professional Responsibility (OPR) regarding any allegations of misconduct against, investigations of, or adjudication of charges against, Jeffrey Stephen Sallet, aka Jeff Sallet, formerly SAC New Orleans, SAC Chicago, Associate EAD Facilities and Finance Division, EAD Human Resources Branch, and Associate Deputy Director of the FBI, between September 30, 2016 and November 5 2021.

---

*available at* https://www.fbi.gov/news/press-releases/press-releases/jeffrey-s-sallet-named-fbi-associate-deputy-director (last visited Sept. 21, 2022).

> Records include, but are not limited to, complaints, allegations, investigative files, and dispositions of any allegations, investigations, or disciplinary charges.

13. On November 18, 2021, the FBI denied the Plaintiff's requests as follows:

> You have requested records on one or more third party individuals. Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552(b)(6) and (b)(7)(C). The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy. This is our standard response to such requests and should not be taken to mean that records do, or do not, exist.

14. On January 25, 2022, the Plaintiff timely filed an administrative appeal of the FBI's decision with DOJ.

15. On May 19, 2022, DOJ affirmed the FBI's decision.

## C. PLAINTIFF'S FOIA REQUEST TO OIG ABOUT FORMER FBI ASSOCIATE DEPUTY DIRECTOR JEFFREY SALLET

16. On November 9, 2021, for the same reasons it submitted requests to the FBI regarding Sallet, the Plaintiff, under its previous name "Protect the FBI", submitted the following FOIA request to the OIG:

> Request records regarding any allegations of misconduct against, or investigations of, Jeffrey Stephen Sallet, aka Jeff Sallet, formerly of the FBI, formerly SAC New Orleans, SAC Chicago, Associate EAD Facilities and Finance Division, EAD Human Resources Branch, and Associate Deputy Director of the FBI, between September 30, 2016 and November 5 2021. Records include, but are not limited to, complaints, allegations, investigative files, and dispositions of any allegations or investigations.

17. On November 23, 2021, the OIG denied the request as follows:

> Specifically, you seek records relating to Jeffrey Stephen Sallet. Because your request seeks investigatory records, we will neither confirm nor deny the existence of any such records. Without the consent of the individuals you mention, an official acknowledgement of an investigation involving them, or an overriding public interest, acknowledging the existence of such records could reasonably be expected to constitute an unwarranted invasion of privacy. 5 U.S.C. §552(b)(7)(C).

18. On January 25, 2022, the Plaintiff timely filed an administrative appeal of the OIG's

decision with DOJ.

19. On April 25, 2022, DOJ affirmed the OIG's decision.

## COUNT ONE

### Violation of FOIA, 5 U.S.C. § 552

20. The foregoing allegations are re-alleged and incorporated herein by reference.

21. Considering the subject of the Plaintiff's FOIA requests to the FBI and OIG was a high-ranking FBI official (the third-highest ranking official in the FBI when he suddenly retired), the history of misconduct and abuse by high-level FBI officials, the tendency of high-level FBI officials to escape punishment for misconduct by retiring, and that the Plaintiff requested information about allegations of misconduct, Defendant's denial of the Plaintiff's requests under 5 U.S.C. § 552(b)(6) and (7)(C) was improper, because any privacy interest in the records is outweighed by an overriding public interest.

### RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

22. An injunction requiring the Defendant to: 1) conduct a search for any and all records responsive to Plaintiff's three FOIA requests to the FBI and one FOIA request to the OIG; and 2) produce, by a date certain, any and all records responsive to Plaintiff's FOIA requests.

23. Costs and reasonable attorneys' fees.

24. Such other relief as the Court deems just and equitable.

Respectfully Submitted,

September 22, 2022.

*/s/ Michael S. Zummer*
Michael S. Zummer (La. Bar No. 31375)
2337 Magazine St. Unit D
New Orleans, LA 70130
Telephone: (504) 717-5913
E-mail: mzummer@accountabilityfbi.org
*Counsel for Plaintiff*