UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED FOR FBI INTEGRITY,

     Plaintiff,

          v.

U.S. DEPARTMENT OF JUSTICE,

     Defendant.

Civil Action No. 1:22-cv-02885-RC

## DECLARATION OF JOSEPH E. BENDER, JR.

I, Joseph E. Bender, Jr., declare as follows:

1.     I am currently serving as the Acting Section Chief (A/SC) of the Record/Information Dissemination Section (RIDS), Information Management Division (IMD), Federal Bureau of Investigation (FBI), Winchester, Virginia. I have served in this capacity since March 6, 2023. When not serving as the A/SC, I am an Assistant Section Chief (ASC) in RIDS and have served in that position since December 2020. I joined the FBI in October 2003 and, prior to my current position, I was an Acting ASC in RIDS from June 2020 to December 2020; Unit Chief, RIDS National Security Unit, from January 2017 to June 2020; and an Assistant General Counsel (2003-2006) and Unit Chief (2006-2017), FBI Office of the General Counsel (OGC), National Security and Cyber Law Branch. In those capacities, I provided legal support to operational units of the FBI's National Security Branch. Prior to my joining the FBI, I served as a trial attorney in the U.S. Department of Justice, Tax Division, Southern Criminal Enforcement

Section. In that role, I participated in federal criminal enforcement prosecutions. I am an attorney licensed in North Carolina and the District of Columbia.

2.      In my official capacity as ASC of RIDS, I supervise approximately 238 FBI employees, supported by approximately 103 contractors, who staff a total of nine (9) Federal Bureau of Investigation Headquarters (FBIHQ) units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the Freedom of Information Act (FOIA) as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act (PA) of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

3.      Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. §552a. Specifically, I am aware of the FBI's handling of Plaintiff's FOIA request that is the subject of this litigation.

4.      The FBI submits this declaration in support of Defendant's Motion for Summary Judgment. Part I provides the Court with a summary of the administrative history of Plaintiff's FOIA request; Part II describes the FBI's search for electronic communications regarding Mr. Jeffrey Stephen Sallet's retirement; Part III describes the FBI's *Glomar* position regarding third party information, and the FBI's justification for neither confirming nor denying the existence or

non-existence of responsive records pursuant to FOIA Exemptions 6 and 7(C) with respect to

supposed allegations of misconduct against, or investigations of, Mr. Jeffrey Stephen Sallet.

## PART I:  ADMINISTRATIVE HISTORY OF PLAINTIFF'S REQUEST

*FBI REQUEST NUMBER 1509260-000*

5.    By electronic FOIA (eFOIA)[1] dated November 10, 2021, Plaintiff submitted three

FOIA requests to the FBI seeking the following:

    a.  Records documenting any and all communications by or with FBI
        Director Christopher Wray, FBI Deputy Director Paul Abbate, or any
        of their staffs, regarding allegations of misconduct, wrongdoing,
        malfeasance and/or the retirement of Jeffrey Stephen Sallet, aka Jeff
        Sallet, Associate Deputy Director of the FBI, between April 1, 2021
        and November 5, 2021. Records include, but are not limited to, e-
        mails, memoranda, notes, and text messages.[2]

    b.  Records held by the FBI Inspection Division regarding any allegations
        of misconduct against, or investigations of, Jeffrey Stephen Sallet, aka
        Jeffrey Sallet, formerly SAC New Orleans, SAC Chicago, Associate
        EAD Human Resources Branch, and Associate Deputy Director of the
        FBI, between September 30, 2016 and November 5 2021. Records
        include, but are not limited to, complaints, allegations, investigative
        files, and dispositions of any allegations or investigations.

    c.  Records held by the FBI Office of Professional Responsibility (OPR)
        regarding any allegation of misconduct against, investigation of, or
        adjudication of charges against, Jeffrey Stephen Sallet, aka Jeff Sallet,
        formerly SAC New Orleans, SAC Chicago, Associate Deputy Director
        of the FBI, between September 30, 2016 and November 5 2021.
        Records include, but are not limited to, complaints, allegations,
        investigative files, and disposition of any allegations, investigations, or
        disciplinary charges.

---

[1] The FBI's eFOIPA system allows for electronic receipt of Freedom of Information/Privacy Act
(FOIPA) requests as well as electronic responses to those requests, when possible, available
at https://efoia.fbi.gov.

[2] The FBI was unable to find a record of receipt for Plaintiff's first FOIA request, but is
responding to it in this litigation and is not disputing that it was sent.

In addition, Plaintiff requested a fee waiver and expedited processing of his FOIA requests. **(Ex. A.)**

6.      By letter dated November 18, 2021, the FBI acknowledged receipt of Plaintiff's second and third FOIA requests, consolidated under assigned FBI FOIPA Request Number 1509260-000.  The FBI informed Plaintiff he requested information on one or more third party individuals and the FBI would neither confirm nor deny the existence of such records pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. 552(b)(6) and (b)(7)(C), because the mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy. The FBI advised this is the FBI's standard response to such requests and should not be taken to mean that records do, or do not, exist. Additionally, the FBI advised it was closing Plaintiff's request. The FBI instructed Plaintiff to visit www.fbi.gov, select "Services," "Information Management," and "Freedom of Information/Privacy Act" for more information about making requests for records on third party individuals (living or deceased). Finally, the FBI informed Plaintiff he could appeal the FBI's response to the Director, Office of Information Policy (OIP), United States Department of Justice (DOJ) within ninety (90) days of its letter, contact the FBI's public liaison, and or seek dispute resolution services by contacting the Office of Government Information Services (OGIS).  **(Ex. B.)**

7.      On January 25, 2022, Plaintiff submitted an appeal to DOJ OIP challenging the FBI's denial of his request.  **(Ex. C.)**

8.      By letter dated January 25, 2022, DOJ OIP advised Plaintiff that it received his appeal and assigned it appeal number A-2022-00669.  **(Ex. D.)**

9.     By letter dated May 19, 2022, DOJ OIP advised Plaintiff it was affirming the FBI's action on his request and further advised Plaintiff the FBI properly refused to confirm or deny the existence of records responsive to his request since confirming or denying such records exist would constitute an unwarranted invasion of personal privacy.  **(Ex. E.)**

10.     On September 22, 2022, Plaintiff filed his complaint.  (ECF No. 1)

## PART II:  THE FBI'S SEARCH FOR RESPONSIVE RECORDS

11.     After Plaintiff filed his Complaint, the FBI determined that a search should be conducted to see if any records exist documenting communications by or with FBI Director Christopher Wray, FBI Deputy Director Paul Abbate, or any of their staffs, regarding the retirement of Jeffrey Stephen Sallet between April 1, 2021, and November 5, 2021, not subject to the FBI's *Glomar* response.

12.     RIDS conducted a search for communications regarding Mr. Sallet's retirement not subject to the FBI's *Glomar* response.  RIDS searched the electronic communications of FBI custodians Director Christopher Wray, Deputy Director Paul Abate, Chief of Staff Corey Ellis, and former Associate Deputy Director Jeffrey Sallet. The date range was limited to records created between April 1, 2021, to November 5, 2021, which included both FBINET and UNET, the FBI's classified and unclassified email systems, respectively. The search terms utilized for each custodian within the requested date range were "retire" and "retir!"[3]. The search yielded potentially responsive records which RIDS scoped for responsiveness. After scoping this pool of records, RIDS located no responsive records.

---

[3] RIDS used this search format to yield the most results for the word retire when the electronic communications search was conducted. When the Boolean operator "!" is applied, as here, the search term "retir!" will return any word that contains "retir," regardless of the letters that follow.  I.e., this search would return results for "retire," "retiring," "retirement," etc.

## PART III:  THE FBI'S *GLOMAR* RESPONSE

EXEMPTION 7 THRESHOLD

13.     Before an agency can assert any of the harms enumerated in Exemption (b)(7), it must demonstrate that the records or information at issue were compiled for law enforcement purposes. Pursuant to 28 USC §§ 533, 534, and Executive Order 12,333 as implemented by the Attorney General's Guidelines for Domestic FBI Operations (AGG-DOM) and 28 CFR § 0.85, the FBI is the primary investigative agency of the federal government with authority and responsibility to investigate all violations of federal law not exclusively assigned to another agency, to conduct investigations and activities to protect the United States and its people from terrorism and threats to national security, and further the foreign intelligence objectives of the United States. As a result, the FBI is entitled to deference in its determination of whether its records were compiled for law enforcement purposes.

14.     Here, Plaintiff has claimed, without evidence, that Mr. Sallet was accused of or investigated for several instances of wrongdoing. These alleged instances include unlawfully retaliating against FBI employees, violating the constitutional rights of FBI employees, and engaging in workplace sexual harassment/abuse. **(Ex. A. & C.)** If such misconduct occurred as described by Plaintiff, the conduct could potentially constitute illegal acts that could be punished by criminal or civil sanctions. If any investigatory records exist regarding Plaintiff's allegations, they would necessarily be records compiled for law enforcement purposes, exempted from release by Exemption 7(C).

15.     Since it is the FBI's standard approach not to conduct a search for responsive records under *Glomar* circumstances, there is no specific statutory authority for compiling the records to cite here; however, Plaintiff is seeking records specifically on investigations of

misconduct by Mr. Sallet, that, should any exist, would have been collected and maintained by the FBI as part of its law enforcement mission.[4] Here, the FBI has officially acknowledged Mr. Sallet's employment with the FBI as a member of the Senior Executive Service; however, the FBI has never confirmed or denied the existence of any allegations of misconduct or any investigation of Mr. Sallet for misconduct.

PRIVACY GLOMAR

16.     The FBI relies on a *Glomar* response in instances where, if responsive records existed, even acknowledging their existence would result in harms protected against by one or more FOIA exemptions. To be credible and effective, the FBI must use a *Glomar* response in all similar cases regardless of whether responsive records exist, including instances in which the FBI does not possess records responsive to a particular request. If the FBI were to invoke a *Glomar* response only when it possessed responsive records, the *Glomar* response would be interpreted as an admission that responsive records exist.

17.     The FBI has determined that merely acknowledging the existence or non-existence of records responsive to Plaintiff's request, specifically concerning any allegations of misconduct or investigation of Mr. Sallet for misconduct, would trigger harm under FOIA Exemptions (b)(6) and (b)(7)(C) with respect to Mr. Sallet's privacy interests.

---

[4] The phrase "*Glomar*" stems from a case in which a FOIA requester sought information concerning a ship named the *Hughes Glomar Explorer*, and the CIA refused to confirm or deny its relationship with the *Glomar* vessel because to do so would compromise the national security or divulge intelligence sources and methods. *Phillipi v. CIA*, 655 F.2d 1325 (D.C. Cir. 1981). *Glomar* responses are proper "if the fact of the existence or nonexistence of agency records falls within a FOIA exemption." *Wolf v. C.I.A.*, 473 F.3d 370, 374 (D.C. Cir. 2007).

*FBI Policy for Processing Requests for Third Party Records*

18.     The FBI's longstanding policy has been to provide an Exemption (b)(6) and

(b)(7)(C) *Glomar* response (hereinafter privacy *Glomar*),[5] neither confirming nor denying the

existence or non-existence of law enforcement records, in those instances where an individual

seeks access to information regarding a third party, unless the requester establishes a public

interest in disclosure that outweighs the third party's privacy interests. The FBI instituted this

policy to protect the privacy rights of individuals, particularly those who appear in FBI law

enforcement files. It is well-recognized that individuals have privacy interests in relation to being

associated with law enforcement investigations because any such association can engender

comment, speculation, or harassment; can be embarrassing and stigmatizing; and can, in some

circumstances, result in physical harm or threats of harm or death.

19.     If a requester establishes that disclosure would serve a public interest under the

FOIA, then the FBI balances that public interest against the third party's privacy interests. This

balancing is done on a case-by-case basis. The FBI will process a request for and release non-

exempt law enforcement records about a third party only if it determines that a public interest

outweighs the individual's privacy interests after conducting the balancing analysis. The

---

[5] 5 U.S.C. § 552(b)(6) exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Similarly, 5 U.S.C. § 552(b)(7)(C) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." The practice of the FBI is to assert Exemption (b)(6) in conjunction with Exemption (b)(7)(C). Although the balancing test for Exemption (b)(6) uses a "would constitute a clearly unwarranted invasion of personal privacy" standard, and the test for Exemption (b)(7)(C) uses the lower standard of "could reasonably be expected to constitute an unwarranted invasion of personal privacy," the analysis and balancing required by both exemptions are sufficiently similar to warrant a consolidated discussion. The privacy interests are balanced against the public's interest in disclosure under the analysis of both exemptions.

balancing analysis in each case is necessarily fact-specific. Thus, each request must be treated individually, and the FBI must retain flexibility in the way in which it handles each request.

20.     Here, Plaintiff has not submitted: 1) a privacy waiver from Mr. Jeffrey Sallet; 2) proof of death of Mr. Sallet as described in the regulation at 28 C.F.R. § 16.3(a); or 3) demonstrated a sufficient public interest in disclosure of the material sought.

21.     For purposes of Exemptions (b)(6) and (b)(7)(C), a public interest exists when disclosure of information about an individual would significantly increase the public's understanding of FBI operations and activities. The balancing of interests under Exemptions (b)(6) and (b)(7)(C) also considers the privacy interests of individuals implicated in a FOIA request. Here, the FBI has officially acknowledged Mr. Sallet's employment with the FBI; however, Plaintiff is seeking records that, should they exist, would confirm publicly whether Mr. Sallet was or was not investigated for misconduct while employed with the FBI. The FBI has never officially confirmed or denied whether Mr. Sallet has been investigated for misconduct and information provided by Plaintiff concerning whether or not Mr. Sallet was investigated for misconduct is mere speculation. Public disclosure of the existence or non-existence of misconduct records could reasonably be expected to draw negative and unwanted attention to Mr. Sallet; could subject him to harassing inquiries, and otherwise stigmatize and adversely affect him. The Plaintiff failed to provide any information to articulate a bona fide public interest in disclosure of such records under the FOIA. As such, the substantial privacy interests of Mr. Sallet outweigh the non-existent public interest in disclosure.

22.     To the extent the request seeks any records regarding alleged misconduct that are not law enforcement records, FOIA Exemption (b)(6) provides ample support for the protection of such information. Exemption 6 exempts from disclosure "personnel and medical files and

similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). All information that applies to a particular person falls within the scope of Exemption 6. As discussed above, any public disclosure of the existence or non-existence of records regarding allegations of misconduct or wrongdoing by Mr. Sallet would constitute a clearly unwarranted invasion of his personal privacy.

23.     In determining whether Exemption 6 applies to withhold records relating to alleged employee misconduct, RIDS conducts a balancing test that considers several factors, including the rank of the employee, alleged wrongdoing, whether the allegation (if any) were adjudicated, whether the information sought sheds light on government activity, and whether the information is related to the employee's job function or is of a personal nature. Here, only the first factor would support disclosure, and is outweighed by the remaining considerations. Although Mr. Sallet was a high-ranking FBI official, Plaintiff's allegations are mere speculation, unsupported by any evidence that Mr. Sallet was accused of or investigated for misconduct. As a result, because Plaintiff's allegation is based on mere speculation, the disclosure of information confirming or denying the existence of an investigation into misconduct by Mr. Sallet would not significantly increase the public's understanding of FBI operations and activities, and Exemption 6 was properly invoked.

24.     In sum, Plaintiff provided no third-party waiver or proof of death for Mr. Sallet, nor has Plaintiff articulated a sufficient public interest in disclosure of the requested records that would outweigh the substantial privacy interests of Mr. Sallet with regard to the existence or non-existence of records of misconduct or alleged misconduct. Therefore, in response to Plaintiff's request for information pertaining to alleged misconduct by Mr. Sallet, the FBI asserted the privacy *Glomar* pursuant to FOIA Exemptions (b)(6) and (b)(7)(C). Finally, when

the FBI asserts a privacy *Glomar*, it is its general policy not to conduct a search for responsive records because the nature of the requested records alone prohibits acknowledgement and disclosure.

## CONCLUSION

25.     After reviewing Plaintiff's request, the FBI performed an adequate and reasonable search for communications regarding Mr. Sallet's retirement not subject to the FBI's *Glomar* response. The FBI did not locate any responsive records. In addition, the FBI determined it could neither confirm nor deny whether it possesses records pertaining to alleged misconduct by Mr. Sallet, pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) because merely confirming or denying the existence of such records could reasonably be expected to constitute an unwarranted invasion of personal privacy.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibits A through E attached hereto are true and correct copies.

Executed this _10th_ day of May 2023.


JOSEPH E. BENDER, JR.
Acting Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED FOR FBI INTEGRITY,

    Plaintiff,

        v.                          Civil Action No. 1:22-cv-02885-RC

U.S. DEPARTMENT OF JUSTICE,

    Defendant.

## Exhibit AA

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2021-11-10T00:03:01.330911+00:00 Status: pending Message:

## Organization Representative Information

| | |
|---|---|
| Organization Name | Protect the FBI |
| Prefix | |
| First Name | Michael |
| Middle Name | |
| Last Name | Zummer |
| Suffix | |
| Email | mike.zummer@protectthefbi.org |
| Phone | 504-717-5913 |
| Location | United States |

## Domestic Address

| | |
|---|---|
| Address Line 1 | 2337 Magazine St. Unit D |
| Address Line 2 | |
| City | New Orleans |
| State | Louisiana |
| Postal | 70130 |

## Agreement to Pay

| How you will pay | I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below. |
|---|---|

**Allow up to $**    300

## Proof Of Affiliation for Fee Waiver

| Waiver Explanation | First, Protect the FBI is a non-profit organization dedicated to protecting the rights of FBI employees and their ability to report abuses of authority. There is no commercial interest in this request. Protect the FBI intends to use any information from this request to inform the public and news media about wrongdoing in the FBI. Second, the disclosure of this information is in the public interest, because it is for the purpose of contributing to the public's understanding of the FBI's treatment of FBI senior executives when they are accused of wrongdoing. It will also show how the FBI addresses violations of FBI employees' constitutional rights to conceal DOJ wrongdoing, because Sallet apparently led the violation of a former employee's (the in-house counsel for the requesting entity) First Amendment rights to conceal Justice Department misconduct from the public and retaliate against the then-employee for disclosing it to a federal judge. |
|---|---|

**Documentation Files**

## Non-Individual FOIA Request

| Request Information | Request records held by the FBI Inspection Division regarding any allegations of misconduct against, or investigations of, Jeffrey Stephen Sallet, aka Jeff Sallet, formerly SAC New Orleans, SAC Chicago, Associate EAD Facilities and Finance Division, EAD Human Resources Branch, and Associate Deputy Director of the FBI, between September 30, 2016 and November 5 2021. Records include, but are not limited to, complaints, allegations, investigative files, and dispositions of any allegations or investigations. |
|---|---|

## Expedite

**Expedite Reason**

> Jeffrey Sallet was promoted to position of Associate Deputy Director of the FBI during February 2021, despite having participated in the violation of First Amendment rights of at least one FBI employee, now former FBI employee and in-house counsel of the non-profit organization making this request. Sallet specifically engineered the suspension of the former employee's security clearance for notifying a federal judge of DOJ attorney misconduct favoring a sexual predator district attorney in Louisiana, a case that had nothing to do with national security. Also, various FBI officials, ostensibly in consultation with or at Sallet's direction, violated the First Amendment by using the FBI's prepublication review process to conceal these allegations of DOJ misconduct from the public for almost four years. Recently, this wrongdoing was brought before the U.S. Court of Appeals for the Fifth Circuit. Briefing to the court was completed on October 1, 2021. The requesting entity recently learned that Sallet suddenly retired from the FBI approximately in the last week of October, less than a month after briefing was completed in the lawsuit against him. Even if his First Amendment violations had nothing to do with his retirement, Sallet is also believed by some FBI employees to have engaged in sexual harassment of FBI employees. Based on the timing of Sallet's retirement, it appears as though it was forced, possibly as a result of allegations of misconduct by him. The requested communications will determine whether the FBI's division primarily responsible for addressing employee misconduct was aware of any allegations of wrongdoing against the third-highest ranking official in the FBI and whether it took action regarding those allegations, which would be a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence.

**

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

**

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

----END MESSAGE----

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2021-11-10T00:22:06.407338+00:00 Status: pending Message:

## Organization Representative Information

| | |
|---|---|
| Organization Name | Protect the FBI |
| Prefix | |
| First Name | Michael |
| Middle Name | |
| Last Name | Zummer |
| Suffix | |
| Email | mike.zummer@protectthefbi.org |
| Phone | 504-717-5913 |
| Location | United States |

## Domestic Address

| | |
|---|---|
| Address Line 1 | 2337 Magazine St. Unit D |
| Address Line 2 | |
| City | New Orleans |
| State | Louisiana |
| Postal | 70130 |

## Agreement to Pay

| How you will pay | I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below. |

| Allow up to $ | 300 |

## Proof Of Affiliation for Fee Waiver

| Waiver Explanation | First, Protect the FBI is a non-profit organization dedicated to protecting the rights of FBI employees and their ability to report abuses of authority. There is no commercial interest in this request. Protect the FBI intends to use any information from this request to inform the public and news media about wrongdoing in the FBI. Second, the disclosure of this information is in the public interest, because it is for the purpose of contributing to the public's understanding of the FBI's treatment of FBI senior executives when they are accused of wrongdoing. It will also show how the FBI addresses violations of FBI employees' constitutional rights to conceal DOJ wrongdoing, because Sallet apparently led the violation of a former employee's (the in-house counsel for the requesting entity) First Amendment rights to conceal Justice Department misconduct from the public and retaliate against the then-employee for disclosing it to a federal judge. |

| Documentation Files | |

## Non-Individual FOIA Request

| Request Information | Request records held by the FBI Office of Professional Responsibility (OPR) regarding any allegations of misconduct against, investigations of, or adjudication of charges against, Jeffrey Stephen Sallet, aka Jeff Sallet, formerly SAC New Orleans, SAC Chicago, Associate EAD Facilities and Finance Division, EAD Human Resources Branch, and Associate Deputy Director of the FBI, between September 30, 2016 and November 5 2021. Records include, but are not limited to, complaints, allegations, investigative files, and dispositions of any allegations, investigations, or disciplinary charges. |

## Expedite

**Expedite Reason**

> Jeffrey Sallet was promoted to position of Associate Deputy Director of the FBI during February 2021, despite having participated in the violation of First Amendment rights of at least one FBI employee, now former FBI employee and in-house counsel of the non-profit organization making this request. Sallet specifically engineered the suspension of the former employee's security clearance for notifying a federal judge of DOJ attorney misconduct favoring a sexual predator district attorney in Louisiana, a case that had nothing to do with national security. Also, various FBI officials, ostensibly in consultation with or at Sallet's direction, violated the First Amendment by using the FBI's prepublication review process to conceal these allegations of DOJ misconduct from the public for almost four years. Recently, this wrongdoing was brought before the U.S. Court of Appeals for the Fifth Circuit. Briefing to the court was completed on October 1, 2021. The requesting entity recently learned that Sallet suddenly retired from the FBI approximately in the last week of October, less than a month after briefing was completed in the lawsuit against him. Even if his First Amendment violations had nothing to do with his retirement, Sallet is also believed by some FBI employees to have engaged in sexual harassment of FBI employees. Based on the timing of Sallet's retirement, it appears as though it was forced, possibly as a result of allegations of misconduct by him. The requested communications will determine whether the FBI office responsible for adjudicating disciplinary charges against employees was aware of any allegations of wrongdoing against the third-highest ranking official in the FBI and whether it took action regarding those allegations, which would be a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence.

**

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

**

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

----END MESSAGE----

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED FOR FBI INTEGRITY, | |
| Plaintiff, | |
| v. | Civil Action No. 1:22-cv-02885-RC |
| U.S. DEPARTMENT OF JUSTICE, | |
| Defendant. | |

## **Exhibit B B**

**U.S. Department of Justice**



_____

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

November 18, 2021

MR. MICHAEL STUART ZUMMER
PROTECT THE FBI
UNIT D
2337 MAGAZINE STREET
NEW ORLEANS, LA 70130

Request No.: 1509260-000
Subject: SALLET, JEFFREY STEPHEN

Dear Mr. Zummer:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.   The FOIPA Request Number listed above has been assigned to your request.   Below you will find information relevant to your request.   Please read each paragraph carefully.

You have requested records on one or more third party individuals.   Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).   The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy.   This is our standard response to such requests and should not be taken to mean that records do, or do not, exist.   As a result, your request has been closed.   Please visit www.fbi.gov, select "Services," "Information Management," and "Freedom of Information/Privacy Act" for more information about making requests for records on third party individuals (living or deceased).

If you submitted your request through the FBI's eFOIPA portal and you are receiving correspondence through standard mail, it was determined your request did not meet the eFOIPA terms of service.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Enclosed for your information is a copy of the Explanation of Exemptions.

Sincerely,

Michael G. Seidel
Section Chief,
Record/Information
Dissemination Section
Information Management Division

Enclosure

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED FOR FBI INTEGRITY,

Plaintiff,

v.                                          Civil Action No. 1:22-cv-02885-RC

U.S. DEPARTMENT OF JUSTICE,


Defendant.

## Exhibit CC



My Account | Change Role | Sign Out | Help

HOME | TRACKING INBOX | SEARCH

Tracking Inbox » Appeal

# A-2022-00669

**Requester:** Zummer, Michael

Status: Submitted | Last Event: Appeal Submitted | Last Event Date: 01/25/2022 | Attorney:

Appeal | Document | Event | Note

## Appeal Information

| | |
|---|---|
| Received Date | 01/25/2022 (mm/dd/yyyy) |
| Due Date | 02/23/2022 |
| Receipt Method | Electronic |
| Appeal Is In Litigation | No |
| Unusual Circumstances | |
| Track | |
| Significant | Yes ◉ No |
| Coordination | Yes ◉ No |
| Agency | OIP |
| Document Delivery Method | Email |
| Topic | |
| Assigned Attorney | |

## Request Information

| | |
|---|---|
| Request Number | 1509260-000 |
| Component | FBI |
| Component Email | fbi.foipa.appeal@fbi.gov |

## Basis for Appeal

Description of Appeal

I am appealing the FBI's response to my FOIA request number 1509260-000. To the best of my knowledge the FBI treated three different requests under the same FOIA request number. The three requests were for similar information regarding the same subject from three different groups within the FBI. The three requests were as follows:

1. "Request records documenting any and all communications by or with FBI Director Christopher Wray, FBI Deputy Director Paul Abbate, or any of their staffs, regarding allegations of misconduct, wrongdoing, malfeasance and/or the retirement of Jeffrey Stephen Sallet, aka Jeff Sallet, Associate Deputy Director of the FBI, between April 1, 2021 and November 5, 2021. Records include, but are not limited to, e-mails, memoranda, notes, and text messages."

2. "Request records held by the FBI Inspection Division regarding any allegations of misconduct against,

| | |
|---|---|
| Based on Denial of Fee Waiver | Yes ◉ No |
| Based on Denial of Expedited Processing | Yes ◉ No |
| Requester Item Type 1 | Supplemental Information |
| Requester Items 1 | Requester Item 1-Denial of Sallet records.pdf [ Replace \| Remove ] |
| Requester Item Type 2 | |
| Requester Items 2 | |

Requester Item Type 3

Requester Items 3

**Requester Contact Information**

🔍 Search Requester

| | | | |
|---|---|---|---|
| Salutation | Mr. | Address Type | Home |
| First Name | Michael | Ⓡ | Country | United States |
| Middle Name | | Address Line 1 | 2337 Magazine St. |
| Last Name | Zummer | Ⓡ | Address Line 2 | |
| Email Address | mzummer@aol.com | Ⓡ | City | New Orleans |
| Organization | | State | Louisiana |
| Register Number | | Zip/Postal Code | 70130 |
| Phone Number | | | |
| Fax Number | | | |
| Other Information | | | |

**Expedited Processing Information**

Expedited Processing Requested?    No

**Form Record Audit**

Save    Delete

Basis for appeal-    I am appealing the FBI's response to my FOIA request number 1509260-000. To the best of my knowledge the FBI treated three different requests under the same FOIA request number. The three requests were for similar information regarding the same subject from three different groups within the FBI. The three requests were as follows:

1. "Request records documenting any and all communications by or with FBI Director Christopher Wray, FBI Deputy Director Paul Abbate, or any of their staffs, regarding allegations of misconduct, wrongdoing, malfeasance and/or the retirement of Jeffrey Stephen Sallet, aka Jeff Sallet, Associate Deputy Director of the FBI, between April 1, 2021 and November 5, 2021. Records include, but are not limited to, e-mails, memoranda, notes, and text messages."

2. "Request records held by the FBI Inspection Division regarding any allegations of misconduct against, or investigations of, Jeffrey Stephen Sallet, aka Jeff Sallet, formerly SAC New Orleans, SAC Chicago, Associate EAD Facilities and Finance Division, EAD Human Resources Branch, and Associate Deputy Director of the FBI, between September 30, 2016 and November 5 2021. Records include, but are not limited to, complaints, allegations, investigative files, and dispositions of any allegations or investigations."

3. "Request records held by the FBI Office of Professional Responsibility (OPR) regarding any allegations of misconduct against, investigations of, or adjudication of charges against, Jeffrey Stephen Sallet, aka Jeff Sallet, formerly SAC New Orleans, SAC Chicago, Associate EAD Facilities and Finance Division, EAD Human Resources Branch, and Associate Deputy Director of the FBI, between September 30, 2016 and November 5 2021. Records include, but are not limited to, complaints, allegations, investigative files, and dispositions of any allegations, investigations, or disciplinary charges."

The FBI responded as follows to these requests: "You have requested records on one or more third party individuals. Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) [Exemption 6] and (b)(7)(C) [Exemption 7(C)], 5 U.S.C. §§ 552(b)(6) and (b)(7)(C). The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy. This is our standard response to such requests and should not be taken to mean that records do, or do not, exist." See Requester Item 1.

The FBI erred in failing to provide the requested records because Exemptions 6 and 7(C) are inapplicable here for the following reasons:

A.     Former FBI Associate Deputy Director ("ADD") Sallet Has No Privacy Interest in Allegations of On-Duty Misconduct or Related to Harassment of FBI Employees.

Sallet's sudden departure from the FBI, during approximately November 2021, only about nine months after his promotion to the ADD position, suggests that he may have retired under pressure. FBI employees and former employees believe that Sallet was accused of sexually harassing female employees. There is an allegation that Sallet sent a photograph of his penis to a female FBI employee on his FBI phone. The requester cannot corroborate these allegations, nor corroborate the existence of these allegations, without the requested records.

Furthermore, the requester has sued Sallet for violating his constitutional rights, specifically Sallet engineered the suspension of the requester's security clearance for reporting unclassified allegations of DOJ attorney misconduct to a federal judge whose court was affected by the misconduct.

Thus, the requested records pertain to allegations that Sallet engaged in misconduct while he was acting as a public official in extremely high positions within the FBI, including the Special Agent in Charge ("SAC") of two field offices, the Associated Executive Assistant Director of a division, the Executive Assistant Director of the FBI's Human Resources Branch, and the Associate Deputy Director of the FBI, the Bureau's third highest official. All of these positions are Senior Executive Service ("SES") positions. To the extent that any misconduct took place while Sallet was on duty, acting in his official capacity, or involved FBI personnel, he was not acting as a private citizen. Thus, he has no privacy interest in any such allegations.

Finally, my allegation that Sallet violated my First Amendment rights is the subject of litigation in the U.S. District Court for the Eastern District of Louisiana and the U.S. Court of Appeals for the Fifth Circuit. Because that allegation is already public information, Sallet has no privacy interest in records pertaining to any investigation, disciplinary action, or other corrective action by FBI officials. My litigation against Sallet is no basis to withhold the requested records, since it is based on action I took against Sallet. Because no DOJ entity, including the FBI, took action against Sallet, there is no basis to withhold the information, as there clearly is no ongoing investigation or prosecution of Sallet by the government.

B.      Any Private Citizens' Privacy Interests in the Requested Records Are
Segregable.

There is no basis to withhold entire documents about allegations of
misconduct by Sallet simply because they contain identifying information of
victims or witnesses. All of their identifying information can be redacted. In fact, I
request those redactions to protect their identities.

C.      If Sallet Were to Have a Privacy Interest, It is Outweighed by an Overriding
Public Interest in Disclosure, Because the Documents Shed Light on Misconduct
by High-Level FBI Officials and DOJ's Handling or Mishandling of Such
Misconduct.

1.      The Release of the Requested Records May Show That Sallet Engaged
in Sexual Harassment of FBI Employees.

As described above, various FBI employees believe Sallet was accused of
engaging in sexual misconduct with FBI employees. If Sallet somehow has a
privacy interest in his abuse of FBI employees, the public's overriding interest in
shedding light on such misconduct outweighs Sallet's interest.

Furthermore, if such allegations were made, the public has an overriding
interest in shedding light on how DOJ and FBI handle such allegations against
high-level FBI officials. The FBI has long been accused of having a two-tiered
disciplinary system where FBI managers are investigated and disciplined less
aggressively than low-level employees. Since Sallet was allowed to retire without
any punishment, at least without any public knowledge of any punishment, if he
had been accused of wrongdoing before his retirement, it would help the public
understand DOJ operations.

Just in the last year, media reports have shown there is a severe sexual
harassment problem by FBI managers and little action taken to combat it by DOJ
or the FBI. The OIG released similar records to those requested here as a result of a
FOIA request by the Associated Press. In that case, although his name was not
disclosed in the FOIA, the former SAC of the FBI's Albany field office James
Hendricks was reported by the OIG to have sexually harassed eight female
subordinates. Hendricks was allowed to retire. See Jim Mustian, 'Skilled predator'
FBI boss harassed 8 women, watchdog finds, The Associated Press, Apr. 12, 2021
available at  https://apnews.com/article/fbi-james-hendricks-sexually-harassed-8-

women-b2b7653303d5d56c5bee61c137ec4b22. In the New York Field Office, an assistant special agent in charge was found to have groped three women, but there is no report of whether disciplinary action was taken. Ben Feuerherd, 'Slimy' FBI bigwig sexually harassed his juniors, drank on the job, New York Post, May 31, 2021 available at https://nypost.com/2021/05/31/fbi-big-wig-sexually-harassed-his-juniors-drank-on-the-job/. There is no record that the OIG or FBI took any action regarding allegations that an FBI supervisor harassed a female fellow supervisor in Las Vegas in 2020. In fact, in response to the photograph the male supervisor sent to the female supervisor of a rainbow-colored dildo between the male supervisor's legs, a DOJ lawyer claimed the dildo was a "rainbow-colored candy sucker." Ben Feuerherd, Lawyer claims sex toy at center of FBI lawsuit was a 'candy sucker', New York Post, Sep. 24, 2021 available at https://nypost.com/2021/09/24/lawyer-claims-sex-toy-at-center-of-fbi-lawsuit-was-a-candy-sucker/.

Disclosing DOJ and FBI's pattern of leniency for FBI managers who sexually harass employees is even more of an overriding interest for the public in Sallet's case, not just because of his extremely high rank, but also because he helped conceal DOJ misconduct favoring a sexual predator. I have alleged that Sallet violated my First Amendment rights because I disclosed DOJ misconduct favoring a sexual predator district attorney who used the power of his office to abuse more than 22 women over 26 years, including orally raping a woman who was owed past due child support. Thus, allegations that Sallet himself engaged in sexual abuse has an even greater overriding public interest. The public's need to know if FBI executive sexual abusers are concealing misconduct favoring other sexual predators outweighs any privacy interest Sallet may have.

Finally, as discussed above, many FBI employees and former employees believed that Sallet retired after accusations of sexual harassment, including sending a photograph of his penis. If no such allegations were made against him, it would be in Sallet's interest for the FBI to confirm that.

2.     The Release of Information Regarding My Allegations that Sallet Violated My Constitutional Rights Would Shed Light on FBI and DOJ Operations.

Since Sallet engineered the suspension of my security clearance, resulting in my immediate, indefinite suspension without pay while I was also not allowed to take another job, he has been promoted at least four times, if one includes his transfer from SAC New Orleans to serve as SAC of the much larger field office in Chicago. The public's overriding interesting in shedding light on DOJ and FBI's

handling of allegations that a high-level FBI official violated an employee's First Amendment rights to conceal DOJ misconduct from a federal judge and the public outweighs any privacy interest Sallet has, if any. In fact, an acknowledgment that no action was taken against Sallet would be of an overriding public interest.

       3.    The Rank of the Public Officials Involved Weighs in Favor of Disclosure.

Sallet has been an SES employee the entire period of the requested records. He rose to be the third-highest FBI official after violating my First Amendment rights. His extremely high rank weighs in favor of disclosure.

       4.    There Is No Other Way to Obtain This Information Related to Sallet's Job Function.

Finally, there is no other way to obtain this information, and this information will help show wrongdoing by a high-level FBI official that was directly related to his job function.

The FBI should be compelled to search for and release the requested records with the identifying information of witnesses redacted.



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

November 18, 2021

MR. MICHAEL STUART ZUMMER
PROTECT THE FBI
UNIT D
2337 MAGAZINE STREET
NEW ORLEANS, LA 70130

Request No.: 1509260-000
Subject: SALLET, JEFFREY STEPHEN

Dear Mr. Zummer:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI. The FOIPA Request Number listed above has been assigned to your request. Below you will find information relevant to your request. Please read each paragraph carefully.

You have requested records on one or more third party individuals. Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy. This is our standard response to such requests and should not be taken to mean that records do, or do not, exist. As a result, your request has been closed. Please visit www.fbi.gov, select "Services," "Information Management," and "Freedom of Information/Privacy Act" for more information about making requests for records on third party individuals (living or deceased).

If you submitted your request through the FBI's eFOIPA portal and you are receiving correspondence through standard mail, it was determined your request did not meet the eFOIPA terms of service.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Enclosed for your information is a copy of the Explanation of Exemptions.

Sincerely,

Michael G. Seidel
Section Chief,
Record/Information
Dissemination Section
Information Management Division

Enclosure

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED FOR FBI INTEGRITY,

    Plaintiff,

        v.

U.S. DEPARTMENT OF JUSTICE,


    Defendant.

Civil Action No. 1:22-cv-02885-RC

**Exhibit D**



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

January 25, 2022

mzummer@aol.com

Dear Michael Zummer:

    This is to advise you that the Office of Information Policy (OIP) of the U.S. Department of Justice received your administrative appeal from the action of the FBI regarding Request No. 1509260-000 on 01/25/2022.

    In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2022-00669 . Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

    We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIA STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones
Supervisory Administrative Specialist

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED FOR FBI INTEGRITY, | |
| Plaintiff, | |
| v. | Civil Action No. 1:22-cv-02885-RC |
| U.S. DEPARTMENT OF JUSTICE, | |
| Defendant. | |

**Exhibit E**



**U.S. Department of Justice**

Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

_____

*Telephone: (202) 514-3642*

Michael Zummer                                    May 19, 2022
Unit D
2337 Magazine Street                    Re:    Appeal No. A-2022-00669
New Orleans, LA 70130                          Request No. 1509260-000
mzummer@aol.com                                CDT:RNB

**VIA: Online Portal**

Dear Michael Zummer:

        You appealed from the action of the Federal Bureau of Investigation (FBI) on your
Freedom of Information Act (FOIA) request for access to various records
concerning allegations of misconduct or investigations of misconduct pertaining to Jeffrey
Stephen Sallet. I note that your appeal concerns the FBI's refusal to confirm or deny the
existence of records responsive to your request pursuant to Exemptions 6 and 7(C).

        After carefully considering your appeal, I am affirming the FBI's action on your request.
The FOIA provides for disclosure of many agency records. At the same time, Congress
included in the FOIA nine exemptions from disclosure that provide protection for important
interests such as personal privacy, privileged communications, and certain law enforcement
activities. The FBI properly refused to confirm or deny the existence of records responsive to
your request. Confirming or denying the existence of such records, including law enforcement
records, concerning a third-party individual would constitute a clearly unwarranted invasion of
personal privacy, and could reasonably be expected to constitute an unwarranted invasion of
personal privacy. See 5 U.S.C. § 552(b)(6), (7)(C). Additionally, it is reasonably foreseeable
that confirming or denying the existence of such records would harm the interests protected by
these exemptions. See, e.g., People for the Ethical Treatment of Animals v. NIH, 745 F.3d 535,
544 (D.C. Cir. 2014) (upholding agency's refusal to confirm or deny existence of records that
would confirm whether investigation of third party had occurred); see also Antonelli v. FBI,
721 F.2d 615, 618 (7th Cir. 1983) (finding that confirming whether third party has been the
subject of investigation would likely "constitute an invasion of that person's privacy that
implicates the protections of Exemptions 6 and 7").

        Please be advised that this Office's decision was made only after a full review of this
matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and
analyzed your appeal, your underlying request, and the action of the FBI in response to your

request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

Matthew W. Hurd

X_____

Matthew Hurd
Chief, Administrative Appeals Staff